**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>THE COMMONWEALTH OF VIRGINIA, *et al.*,<br><br>*Defendants*. | Case Number: 3:26-cv-00545-REP |

**AMENDED MEMORANDUM IN SUPPORT OF DEFENDANTS THE COMMONWEALTH OF VIRGINIA AND ATTORNEY GENERAL OF VIRGINIA JAY JONES' MOTION TO DISMISS COUNTS III, IV, V AND VI OF PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1)**

## TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

BACKGROUND ........ 1

LEGAL STANDARD ........ 2

ARGUMENT ........ 3

I. Counts III, IV, V, and VI, Challenging the 287(g) Law, Are Unripe and Must Be Dismissed ........ 3

CONCLUSION ........ 4

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*24th Senatorial Dist. Republican Comm. v. Alcorn,*
820 F.3d 624 (4th Cir. 2016) ........ 2

*Doe v. Va. Dep't of State Police*,
713 F.3d 745 (4th Cir. 2013) ........ 3, 4

*Lovern v. Edwards,*
190 F.3d 648 (4th Cir. 1999). ........ 2

*United States v. Poole,*
531 F.3d 263 (4th Cir. 2008) ........ 2

*Whitaker v. Monroe Staffing Servs., LLC*,
42 F.4th 200 (4th Cir. 2022) ........ 3

*Wild Virginia v. Council on Env't Quality*,
56 F.4th 281 (4th Cir. 2022) ........ 3

**Statutes**

8 U.S.C. § 1357(g) ........ 1

Section 15.2-1726.1, Code of Virginia ........ 3

**Rules**

Rule 12(b)(1), Federal Rules of Civil Procedure ........ 1, 2

## INTRODUCTION

SB783 (the "287(g) Law") presents no basis for judicial intervention at this time. The 287(g) Law does not take effect until September 1, 2026, and it imposes no present legal consequences on any existing 287(g) agreements. The statute neither requires any locality to terminate participation nor creates any current conflict between federal operations and state law. Until September 1, 2026, federal agencies and participating localities retain full discretion to assess their arrangements, determine whether they wish to continue in the voluntary 287(g) program, and make any adjustments necessary to ensure future conformity with Virginia law. Because the 287(g) Law will not affect any agreement before September 1, 2026, and because federal and local entities have ample time to decide how to proceed, the challenge to the statute is unripe. Accordingly, we move to dismiss, under Fed. R. Civ. P. 12(b)(1), Counts III, IV, V, and VI for lack of subject matter jurisdiction.

## BACKGROUND

Section 287(g) of the Immigration and Nationality Act ("INA") authorizes the federal government to delegate certain immigration-enforcement functions to state and local law-enforcement agencies. *See* 8 U.S.C. § 1357(g). Under these written agreements—commonly referred to as 287(g) agreements—specially trained state or local officers may perform defined functions related to the investigation, apprehension, or detention of noncitizens.

The 287(g) Law modifies the scope of state authorization required for Virginia's political subdivisions to participate in this voluntary federal program. The statute does not compel any locality to terminate an existing agreement, nor does it impose any present legal consequences on any 287(g) contract before its effective date of September 1, 2026. No existing agreement is currently altered or impaired by the passage of the 287(g) Law, and localities may continue to cooperate with federal immigration authorities through other mechanisms permitted under federal

law, even without a 287(g) agreement. The 287(g) Law reflects the General Assembly's judgment that voluntary participation in federal civil-immigration enforcement has imposed substantial resource burdens on Virginia's criminal-justice system and local governments. The Commonwealth determined that conserving state and local resources for core policing and public-safety responsibilities was necessary, and that continued participation in § 287(g) should occur only under conditions expressly authorized by state law.

On June 11, 2026, Plaintiff filed this action asserting six counts against the Commonwealth of Virginia, the Attorney General of Virginia, Jay Jones, and Fairfax County Commonwealth's Attorney, Steve Descano (collectively, the "Virginia Defendants"). Count I alleges that the Mask Law constitutes an unlawful regulation of the federal government in violation of the Supremacy Clause and Count II alleges that the Mask Law unlawfully discriminates against the federal government based on the statute's mask-identification provisions. Counts III, IV, V, VI of Plaintiff's Complaint challenge the 287(g) Law, asserting Contract Clause, preemption, and intergovernmental-immunity theories premised on alleged discrimination against and regulation of the federal government. Plaintiff requests declaratory and injunctive relief and damages.

## LEGAL STANDARD

"A defendant may challenge subject matter jurisdiction" under Rule 12(b)(1) both by "contend[ing] that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," and by "contend[ing] that the jurisdictional allegations of the complaint were not true." *24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 629 (4th Cir. 2016) (cleaned up). "It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). "A court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008).

## ARGUMENT

### I. Counts III, IV, V, and VI, Challenging the 287(g) Law, Are Unripe and Must Be Dismissed

Plaintiff's challenge to the 287(g) Law is not ripe for judicial review. Ripeness "flows from Article III's case-or-controversy requirement and prevents courts from entangling themselves in abstract or hypothetical disputes." *Whitaker v. Monroe Staffing Servs., LLC*, 42 F.4th 200, 209 (4th Cir. 2022). Courts evaluate ripeness by considering "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Wild Virginia v. Council on Env't Quality*, 56 F.4th 281, 294 (4th Cir. 2022). A claim is unripe where the plaintiff has suffered no present injury and any alleged future harm "remains wholly speculative." *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013). Both elements confirm that Plaintiff's claims challenging the 287(g) Law are unripe for adjudication.

First, the issues are not fit for judicial decision. The 287(g) Law does not require any immediate action by the United States. The statute provides that any existing 287(g) agreement must be modified or renegotiated by September 1, 2026—a deadline that remains more than two months away. *See* Va. Code § 15.2-1726.1(D). Until that date arrives, no agreement is non-compliant, no contract is in violation, and no federal operation is affected. The United States has not identified any concrete dispute over the terms of a renegotiated agreement, nor any instance in which a Virginia locality has refused to negotiate or insisted on terms that conflict with federal law. The asserted injuries are therefore hypothetical and contingent on future events that may never occur.

Second, withholding review imposes no hardship on Plaintiff. The 287(g) Law imposes no present obligations on federal agencies and no immediate consequences for non-compliance. The statute does not void any existing agreement today, does not restrict ICE's current operations,

and does not require the United States to take any action before the September 1, 2026, deadline. The United States remains free to continue operating under existing agreements while discussions with Virginia localities proceed. If a concrete dispute arises closer to the statutory deadline—such as a locality insisting on a provision that federal law forbids—the United States may seek judicial review at that time. Until then, any alleged hardship "remains wholly speculative." *Doe*, 713 F.3d at 758. Because the issues are not fit for review and the United States faces no present hardship, Counts III, IV, V, and VI of Plaintiff's Complaint regarding its challenge to the 287(g) Law are unripe and should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss should be granted.

Respectfully Submitted,

Dated: July 17, 2026

**RESPECTFULLY SUBMITTED,**

**THE COMMONWEALTH OF VIRGINIA** and **JAY JONES**, in his official capacity as Attorney General of Virginia

By: */s/ Triston Chase O'Savio*
Triston Chase O'Savio (VSB # 100111)
*Assistant Solicitor General*


Jay Jones
*Attorney General*

Tillman J. Breckenridge (VSB #84657)
*Solicitor General*
Gretchen Ellen Nygaard (VSB No. 82475)
*Assistant Attorney General*
Triston Chase O'Savio (VSB #100111)
*Assistant Solicitor General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-2071 – Telephone
(804) 786-1991 – Facsimile
SolicitorGeneral@oag.state.va.us

**CERTIFICATE OF SERVICE**

I, Triston Chase O'Savio, hereby certify that on July 17, 2026, I electronically filed the foregoing Memorandum in Support of Defendants' Motion to Dismiss with the Clerk of Court using the CM/ECF system.


GERARD MENE
Assistant United States Attorney
Eastern District of Virginia
Counsel for the United States
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Gerard.Mene@usdoj.gov

ALESSANDRA FASO
Senior Litigation Counsel
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
Telephone: 202-451-7728
Alessandra.faso@usdoj.gov


*/s/ Triston Chase O'Savio*
Triston Chase O'Savio, Esq.