**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA,

Plaintiff,

v. Civil Action No. 3:26cv545

COMMONWEALTH OF VIRGINIA,
et al.,

Defendants.

**ORDER OF PRELIMINARY INJUNCTION**

This matter is before the Court on the COMPLAINT (ECF No. 1), the PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (ECF No. 8), the supporting, opposing, and reply memorandum (ECF Nos. 9, 21, 22, and 24), and all exhibits in the record (ECF Nos. 1-1, 1-2, 9-1 through 9-4, 22-1, and 22-2). Having reviewed the foregoing documents and heard the argument of counsel, it is hereby ORDERED that the PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (ECF No. 8) is granted as to the enforcement of Va. Code § 19.2-83.6:2 (the "Mask/Identity Statute") for the reasons set below and in a forthcoming Memorandum Opinion.

In particular, the Court finds that the plaintiff, United States of America, has established that:

(1) It is likely to succeed on the merits of COUNT I of the COMPLAINT for the reason that the Mask/Identity Statute directly

regulates the conduct of federal law enforcement in the enforcement of the federal immigration laws thereby violating the intergovernmental immunity doctrine, United States v. Washington, 596 U.S. 832 (2022); United States v. California, 173 F.4th 1060 (9th Cir. 2026); United States v. Alabama, 691 F.3d 1269 (11th Cir. 2012); United States v. Virginia, 139 F.3d 984 (4th Cir. 1998), and offends the Supremacy Clause of the United States Constitution, Article VI, Clause 2; and

(2) It is likely to suffer irreparable injury, absent preliminary injunctive relief, because its valid laws and practices in a domain of federal authority are undermined by impermissible state regulation that is required by the Mask/Identity Statute and because there is evidence enforcement of the Mask/Identity Statute would expose federal employees to real risk of physical harm in, and in connection with, the discharge of their duties when enforcing federal immigration law and policy; and

(3) The public interest and the balance of equities favor an injunction because frustration of, and interference with, federal statutes and prerogatives are not in the public interest and there is no harm from the State's nonenforcement of invalid legislation. United States v. Alabama, 691 F.3d 1269, 1301 (11th Cir. 2012).

For the foregoing reasons, it is hereby ORDERED that, pending resolution of this case and until further Order of the Court, the

Commonwealth of Virginia, its officers, agents, servants, employees and attorneys, and its Attorney-General, Jay Jones, in his Official Capacity, are preliminarily enjoined from enforcing the provisions of Virginia Code § 19.2-83.6:2 against any federal officer, employee, or agency involved in enforcing federal immigration laws and regulations.

It is further ORDERED that no bond is required. Fed. R. Civ. P. 65(c).

It is further ORDERED that the Commonwealth of Virginia shall distribute a copy of this ORDER OF PRELIMINARY INJUNCTION to its Commonwealth's Attorneys.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 18, 2026
nunc pro tunc June 30, 2026