**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>*Plaintiff*,<br>v.<br>THE COMMONWEALTH OF VIRGINIA, *et al.*,<br>*Defendants*. | Case Number: 3:26-cv-00545-REP |

# **NOTICE OF SUPPLEMENTAL AUTHORITY**

By way of continuing to update the Court regarding related litigation bearing on the constitutionality of the 287(g) Law, and as a submission of supplemental authority, the Commonwealth hereby provides notice that a decision has been issued in *United States v. Minnesota*, No. 25-cv-3798, 2026 U.S. Dist. LEXIS 159794 (D. Minn. July 20, 2026). A copy of the Minnesota opinion is attached hereto as Exhibit 1.

The Minnesota district court's decision in *United States v. Minnesota*, issued one week after the Commonwealth filed its opposition to the United States' motion for a preliminary injunction seeking to enjoin the 287(g) Law (and the same day the United States filed its Reply Brief), is directly pertinent to the issues presented in this case because it rejects the same theories the United States advances here—namely, that federal immigration statutes permitting state–federal collaboration and the use of state resources in federal immigration enforcement preempt state laws when a State chooses not to participate or chooses to withhold its own officers, facilities, and state resources. The Minnesota district court held that the United States' interpretation of these federal cooperation statutes "would violate the anticommandeering doctrine," because it would compel

States to deploy their personnel, facilities, and data systems to advance federal immigration objectives, thereby "undermining political control and accountability" and depriving state officials of the ability to regulate "in accordance with the views of the local electorate[.]" *Id.* at *44–45. The court further held that Minnesota's restrictions did not "discriminate against the United States in the sense the intergovernmental immunity doctrine requires," because withholding state resources is not discrimination absent a similarly situated comparator receiving more favorable treatment. *Id.* at *65–66. These holdings map directly onto the United States' claims in this case, where the federal government similarly argues that a State's decision to limit participation in federally permitted immigration-enforcement programs and restrict access to and otherwise regulate the use of state resources constitutes conflict preemption or discrimination.

The Minnesota district court's decision is pertinent to several legal issues presently before this Court concerning the constitutionality of the 287(g) Law:

A. Whether the United States is correct in asserting that federal law preempts Virginia's decision to limit or condition participation in federal immigration enforcement. *See Minnesota*, 2026 U.S. Dist. LEXIS 159794, at *4, *45 (holding that § 1357(g) agreements are "voluntary," 8 U.S.C. § 1357(g)(9), and that the United States' interpretation "would violate the anticommandeering doctrine," because it would "prohibit Defendants from enacting and enforcing immigration-specific information-sharing and immigration-cooperation restrictions," thereby "undermining political control and accountability" and depriving state officials of the ability to "regulate in accordance with the views of the local electorate").

B. Whether the United States is correct in asserting that Virginia's decision to withhold its own officers, detention resources, or policing capacity constitutes conflict preemption. *See Minnesota*, 2026 U.S. Dist. LEXIS 159794, at *44–45 (holding that federal law does not entitle the United States to "limit or control how much work time employees spend assisting federal immigration agencies," and that the federal government's reading "would commandeer Defendants' legislative and executive processes," because a State "has the right, pursuant to the anticommandeering rule, to refrain from assisting with federal [immigration enforcement] efforts[.]" (quoting *United States v. California*, 921 F.3d 865, 891 (9th Cir. 2019))).

C. Whether the United States is correct in asserting that Virginia's 287(g) Law discriminates against federal immigration authorities under the intergovernmental-immunity doctrine.

*See Minnesota*, 2026 U.S. Dist. LEXIS 159794, at *3, *65–66 (holding that the challenged provisions "do not discriminate against the United States in the sense the intergovernmental immunity doctrine requires," because they apply to "any 'data requester,'" and the United States "has not identified a similarly situated actor who receives more favorable treatment," and that "the mere fact that the Act touches on an exclusively federal sphere is not enough to establish discrimination" (quoting *McHenry County v. Raoul*, 44 F.4th 581, 594 (7th Cir. 2022) )).

Dated: August 21, 2026

Respectfully submitted,
**COMMONWEALTH OF VIRGINIA**
**ATTORNEY GENERAL JAY JONES**

*<u>/s/ Triston Chase O'Savio</u>*

Tillman J. Breckenridge (VSB #84657)
*Solicitor General*
Gretchen Ellen Nygaard (VSB No. 82475)
*Deputy Attorney General*
Ethan P. Fallon (VSB No. 102491)
*Deputy Solicitor General*
R. Trent Taylor (VSB No. 47468)
*Deputy Solicitor General*
Triston Chase O'Savio (VSB No. 100111)
*Assistant Solicitor General*
Stanley W. Hammer (VSB No. 82181)
*Assistant Attorney General*
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
Telephone: (804) 200-4216
Facsimile: (804) 371-2087
shammer@oag.state.va.us
*Counsel for Defendants the Commonwealth of Virginia and Attorney General Jay Jones*

Joshua Adam Matz (*pro hac vice*)
Nicolas Yoshi Riley (*pro hac vice*)
Hecker Fink LLP
1050 K Street NW, 10th Floor
Washington, D.C. 20001
Telephone: (212) 763-0883
Facsimile: (212) 564-0883

Madeline Rose Verniero (*pro hac vice*)
Hecker Fink LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883

**CERTIFICATE OF SERVICE**

I, Triston Chase O'Savio, hereby certify that on August 21, 2026, I electronically filed the foregoing Notice of Supplemental Authority with the Clerk of Court using the CM/ECF system.

GERARD MENE
Assistant United States Attorney
Eastern District of Virginia
Counsel for the United States
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Gerard.Mene@usdoj.gov

ALESSANDRA FASO
Senior Litigation Counsel
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
Telephone: 202-451-7728
Alessandra.faso@usdoj.gov

*/s/ Triston Chase O'Savio*
Triston Chase O'Savio, Esq.