IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

Plaintiff,

v. Civil Action No. 3:26cv545

COMMONWEALTH OF VIRGINIA,
et al.,

Defendants.

**ORDER OF PRELIMINARY INJUNCTION**

This matter is before the Court on the COMPLAINT (ECF No. 1), the PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (ECF No. 8), the supporting, opposing, and reply memorandum (ECF Nos. 9, 40, and 56), the Amicus Brief (ECF No. 48) the Statements of Position (ECF Nos. 80, 81, 82, 84, 85, and 86) and all exhibits in the record. Having reviewed the foregoing documents and heard the argument of counsel, and for the reasons set forth in a forthcoming MEMORANDUM OPINION, it is hereby ORDERED that the PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (ECF No. 8) is granted as to the enforcement of Va. Code § 15.2-1726.1 (the "Virginia 287(g) Law") except to the extent that the Virginia 287(g) Law prohibits localities or local law enforcement officers which, who have not previously entered into § 287 agreements from entering into § 287(g) agreements for the first time, thereby preserving the status

quo ante so that COUNTS III, IV, V, and VI can be resolved on their merits.

In particular, the Court finds that the plaintiff, United States of America, has established that:

(1) It is likely to succeed on the merits of COUNT III of the COMPLAINT for the reason that the Virginia 287(g) Law violates the Contracts Clause, U.S. Const. art. I, § 10, cl. 1, because it is a "substantial impairment" of the existing contracts between the federal government and Virginia localities and is not "drawn in an 'appropriate' and 'reasonable' way to advance a 'significant and legitimate public purpose.'" Sveen v. Melin, 584 U.S. 811, 819 (2018); Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 244 (1978); and

(2) It is likely to succeed on the merits of COUNT V of the COMPLAINT for the reason that the Virginia 287(g) Law directly regulates the conduct of federal law enforcement in the enforcement of the federal immigration laws, thereby violating the intergovernmental immunity doctrine, United States v. Washington, 596 U.S. 832 (2022); United States v. California, 173 F.4th 1060 (9th Cir. 2026); United States v. Alabama, 691 F.3d 1269 (11th Cir. 2012); United States v. Virginia, 139 F.3d 984 (4th Cir. 1998), and therefore offends the Supremacy Clause of the United States Constitution, Article VI, Clause 2; and

(3) It is likely to suffer irreparable injury, absent

preliminary injunctive relief, because its valid contract rights and existing 287(g) agreements will be substantially impaired and no remedy at law exists for that impairment, and because its valid laws and practices in a domain of federal authority are undermined by impermissible state regulation that is imposed by the Virginia 287(g) Law; and

(4) The public interest and the balance of equities favor an injunction because: (i) frustration of, and interference with, federal statutes and prerogatives in the enforcement of federal immigration law is not in the public interest; (ii) the impairment of the federal contracts at issue is not in the public interest; and (iii) there is no harm from the State's nonenforcement of invalid legislation. United States v. Alabama, 691 F.3d 1269, 1301 (11th Cir. 2012).

For the foregoing reasons, it is hereby ORDERED that, pending resolution of this case and until further ORDER of the Court, the Commonwealth of Virginia, its officers, agents, servants, employees and attorneys, and its Attorney-General, Jay Jones, in his Official Capacity, are preliminarily enjoined from enforcing the provisions of Virginia Code § 15.2-1726.1 against any federal officer, employee, or agency involved in enforcing federal immigration laws and regulations and from, in any way, interfering with the performance of existing § 287(g) agreements by any party to such existing agreements.

It is further ORDERED that no bond is required. Fed. R. Civ. P. 65(c).

It is further ORDERED that the Commonwealth of Virginia shall distribute a copy of this ORDER OF PRELIMINARY INJUNCTION to its Commonwealth's Attorneys.

It is further ORDERED that the parties shall contact the Court forthwith to schedule further proceedings in this case.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 31, 2026
5:30 P.M.